UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WORLD RESOURCES COMPANY           :
                                  :
    Plaintiff,                    :     NO. _____
                                  :
v.                                :
                                  :
                                  :     **COMPLAINT**
TRAVELERS CASUALTY AND SURETY     :
COMPANY,                          :
                                  :     **JURY TRIAL DEMANDED**
    <u>Serve on Registered Agent:</u>   :
    Corporation Service Company   :
    100 Shockhoe Slip Fl. 2       :
    Richmond, Virginia 23219-4100 :
                                  :
    Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Plaintiff World Resources Company ("WRC") for its Complaint against Defendant Travelers Casualty and Surety Company ("Travelers") alleges as follows.

## NATURE OF THE ACTION

    1.    This is a civil action regarding Travelers' refusal to acknowledge its clear obligation to cover employment discrimination claims against WRC under the employment practices liability insurance policy Travelers issued to WRC. Former employees of WRC filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against WRC. When the EEOC, unable to establish violations of any statutes, dismissed the former employees' charges of discrimination, the former employees indicated their intent to commence a civil action against WRC. Travelers denied coverage to WRC, alleging that WRC did not give immediate notice of a letter ex-employees sent to WRC in advance of filing the EEOC Charges. However, WRC provided Travelers notice of the letter and the EEOC Charges as soon as practicable in compliance with the terms of the insurance policy. The

Travelers' policy promises to pay, on behalf of the insured, loss for any employment claim first made during the policy period for wrongful employment practice. Travelers broke that promise and denied coverage. Travelers has refused to explain how WRC's notice is untimely and, importantly, how WRC's purported delay in notice was substantial, material, and prejudicial.

## THE PARTIES

2. WRC is an environmental risk management and recycling company headquartered in Jackson, Wyoming. WRC is licensed to do business, and is transacting business, in the Commonwealth of Virginia.

3. Travelers is a company organized under the laws of Connecticut with its principal place of business located in Connecticut. Travelers is authorized to sell insurance in the Commonwealth of Virginia and, on information and belief, is actively engaged in the business of selling insurance throughout the Commonwealth of Virginia.

## JURISDICTION & VENUE

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs, and WRC and Travelers are citizens of different states.

5. Venue is properly placed under 28 U.S.C. § 1391, as this is a diversity action and a substantial part of the events giving rise to this complaint occurred in this judicial district.

## BACKGROUND

Travelers Insures WRC

6. Under an employment liability insurance policy, Travelers provided employment practices liability coverage to WRC.

7. As relevant here, Travelers issued Wrap+ Policy No. 105743523 to WRC with a policy period of February 1, 2016 to February 1, 2017 (the "Policy").

8. WRC paid all premiums due and the Policy was in full force and effect at all times during the relevant period in question.

9. Among other things, the insurance covered claims made by employees alleging discrimination, wrongful termination, or other employment-related issues against WRC.

10. Specifically, the insuring agreement for the Policy's employment practices liability coverage provides that, the "Company will pay on behalf of the Insured, Loss for any Employment Claim first made during the Policy Period." The Policy has a $50,000 retention, applicable to Loss, including Defense Expenses.

11. The Policy further defines Claim, under the Employment Practices Liability Coverage Insuring Agreement, to mean an Employment Claim or Third Party Claim.

12. WRC's duties under the Policy, as endorsed, in the event of a Claim are described, in relevant part, as follows:

> The Insured's duty to report a Claim commences on the earliest date a written notice thereof is received by CEO, CFO, Risk Manager, General Counsel, HR Manager, or equivalent. If CEO, CFO, Risk Manager, General Counsel, HR Manager, or equivalent becomes aware that a Claim has been made against any Insured, the Insured, as a condition precedent to any rights under this Liability Policy, must give to the Company written notice of the particulars of such Claim, including all facts related to any alleged Wrongful Act, the identity of each person allegedly involved in or affected by such Wrongful Act, and the dates of the alleged events, as soon as practicable.

The Policy, as endorsed by LIA-7116 Ed. 01-09, Conditions, F. Insured's Duties in the Event of a Claim.

Former WRC Employees Send Letter to WRC

13. On June 16, 2016, WRC received a letter from counsel for three former employees. The letter pertained to potential severance packages for the former employees, all of whom were impacted by WRC's permanent closure of an office located in McLean, Virginia.

14. The letter suggested the former employees were interested in starting a discussion regarding a possible resolution for concerns related to the severance offers, however, the former employees refused to consider participating in formal mediation.

15. The nature of the former employees concerns was not clear until August 26, 2016 and October 20, 2016, when the parties took action to preserve evidence by requesting that each side undertake document preservation.

Former WRC Employees File EEOC Charges

16. On November 11, 2016, the former employees filed employment discrimination charges with the EEOC against WRC, alleging harassment, specific allegation of pay discrimination, and specific allegations as to retaliation with respect to their severance packages, at which point the nature of the former employees' allegations became clear.

17. WRC was served with the EEOC Charges on December 2, 2016, and promptly notified Travelers of the June 16, 2016 Letter and EEOC Charges, in writing, on December 15, 2016.

18. WRC provided notice to Travelers less than two weeks after WRC was served with the EEOC Charges in accordance with the Policy's terms, before any substantive settlement discussions or mediations had taken place between the former employees and WRC, and before it incurred defense costs in excess of the Policy's retention.

Travelers Denies Coverage In Bad Faith

19. On January 13, 2017, Travelers denied coverage, asserting that WRC did not provide timely notice of the former employees' June 16, 2016 letter. According to Travelers, the June 16, 2016 letter to WRC and the EEOC Charges filed November 22, 2016 are "Related

4

Wrongful Acts," and because WRC did not give immediate notice of the June 16, 2016 letter from the former employees, coverage is precluded for the EEOC Charges.

20. Travelers' position ignores the plain language of the Policy, which requests that the Insured give notice as soon as practicable.

21. Further, even if Travelers' assertion regarding purported delayed notice of the June 16, 2016 letter was true (and it is not), the Policy does not preclude coverage for all Claims where notice of one Claim was not provided timely. Thus, even if Travelers can disclaim coverage for the June 16, 2016 letter, it is still obligated to provide coverage for the Claims resulting from the EEOC Charges and any subsequent litigation.

22. On February 3, 2017, via letter correspondence through counsel, WRC questioned Travelers's denial of coverage and urged Travelers to reconsider its position, given that the purported "delay" of notice was not substantial, and had no material effect on Travelers' interests. In a letter dated March 1, 2017, without attempt to analyze or provide a substantive basis for its denial of coverage, Travelers reiterated its declination of coverage.

23. WRC sent a letter to Travelers on March 2, 2017, acknowledging receipt of the March 1 letter and, importantly, informing Travelers that the EEOC had scheduled mediation of the former employees' EEOC Charges for March 6-7, 2017 in Washington, D.C. In an email dated March 3, 2017, Travelers declined to participate in the mediation.

EEOC Charges Are Dismissed

24. The EEOC dismissed the EEOC Charges against WRC on July 24, 2018, which gave the former employees the right to file suit against WRC within 90-days after the dismissal. WRC informed Travelers of the same in a letter dated August 13, 2018, and again urged Travelers to honor its contractual obligations under the Policy. Travelers did not respond.

25. WRC followed up on its August 13, 2018 letter to Travelers on November 1, 2018, and informed Travelers of an opportunity to settle the claims for an amount well within the applicable limits of the Policy before the ex-employees pursued litigation. Travelers did not respond.

26. On March 2, 2019, WRC wrote Travelers again about the opportunity to settle the claims with the former employees for amounts well within the Policy's applicable limits of liability. Travelers did not respond.

27. Travelers' failure to respond is likely a result of its inability to justify its position. Indeed, to date, Travelers has not even attempted to justify its position nor can it.

28. Travelers cannot justify its position because its position is inconsistent with the Policy and Virginia law.

29. As a result of Travelers' failure to provide a defense, WRC has defended and settled the claims at its own cost. WRC has incurred approximately $410,000 in fees, expenses, and settlements to defend the claims that Travelers failed to defend and to resolve the disputes with the former employees.

<u>Compliance with All Conditions Precedent</u>

30. Travelers admits that both the June 16, 2016 letter and the EEOC Charges constitute Claims under the Policy.

31. WRC has satisfied all applicable terms, conditions, and other requirements under the Policy. Alternatively, compliance with the applicable terms, conditions, and other requirements, in whole or in part, have been waived or compliance is unnecessary for other reasons, including Travelers' actions and inactions related to its handling of the claims.

**COUNT I (BREACH OF CONTRACT)**

32. WRC repeats and realleges the allegations in the preceding paragraphs.

33. At all material times, WRC was insured under the Policy, which is a binding, valid, and enforceable contract under Virginia law.

34. Under the Policy, Travelers was obligated to provide coverage to WRC for employment discrimination claims, including to provide a defense for those claims.

35. The employment discrimination claims are covered under the Policy. None of the terms, provisions, conditions, or exclusions in the Policy bar coverage.

36. Travelers, through the acts of its agents, representatives, and/or employees, failed to perform its duties and/or obligations under the Policy and thus breached the contract by its acts or omissions herein, including without limitation, its denial of coverage and refusal to engage in discussions regarding reasonable settlement opportunities.

37. Because of Travelers' breach, WRC has been deprived of the benefits due under the Policy and sustained loss and damages, including defense and settlements costs of approximately $410,000.

38. Because of the foregoing, WRC demands judgment against Travelers in an amount to be determined at trial and, in addition, demands pre-judgment and post-judgment interest and also seeks attorneys' fees and costs as well as other consequential damages resulting from Travelers's breach.

### COUNT II (COMMON LAW AND STATUTORY BAD FAITH UNDER VIRGINIA CODE § 38.2- 209(A))

39. WRC repeats and realleges the allegations in the preceding paragraphs.

40. Under the Policy, Travelers owed WRC a duty of good faith.

41. On January 13, 2017, Travelers wrongfully denied coverage for the employment discrimination claims.

42. Travelers denied coverage and refused these opportunities to settle on the basis of alleged late notice, despite the fact that WRC's notice satisfies the Policy's requirement that the Insured report claims "as soon as practicable" and the purported "delayed" notice was neither substantial nor material. Travelers cannot establish that it was prejudiced in any way by the timing of WRC's notice and its January 13 denial letter fails to provide a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for denial of coverage.

43. WRC made repeated requests for Travelers to reconsider its position and engage in opportunities to settle the claims within the applicable policy limits, but Travelers refused to reconsider and never responded to WRC's letters from August 13, 2018, November 1, 2018, or February 13, 2019.

44. Based on the actions above, Travelers breached the duty of good faith and acted in bad faith in handling WRC's claims and in refusing to provide coverage to WRC.

45. Based on the actions above, Travelers handling of WRC's claims and its refusal to provide coverage to WRC were wanton, oppressive, and evince a spirit of malice or criminal indifference to its obligations.

46. WRC is entitled to judgment against Travelers for the breach of its good faith obligations and Travelers is liable for all resulting general and consequential damages, including attorneys' fees and interest.

WHEREFORE, WRC requests that the Court enter judgment as follows:

1. In favor of WRC against Travelers;

2. Determining that Travelers breached the Policy by refusing to provide coverage;

3. Determining that Travelers acted in bad faith when it denied coverage and refused to make payment to WRC under the Policy; and

4. Awarding damages, including consequential damages, attorneys' fees, costs, interest and such other and further relief as the Court deems just and proper.

Dated: July 19, 2019

Respectfully submitted,

/s/ Walter J. Andrews
Walter J. Andrews (VSB. No. 46031)
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 955-1802
Fax: (202) 862-3840
wandrews@huntonak.com

*Counsel for World Resources Company*